Shaw, C. J.
Upon the construction of Hannah Keating’s will, and the uncontested facts, appearing upon the pleadings, and by the agreed statement, in the present case, the court are of opinion: —
1. That the clause in question was a devise to Hall and Smith of the real estate, as an estate in joint tenancy, in fee simple, and an absolute gift of the personal property to them, also in joint tenancy, so that the legal estate in both was in them.
2. That they took the entire estate, real and personal, in trust, and had no legal or beneficial interest in the property for themselves. Though the term “ uses ” is employed in the will, it is for the uses mentioned, which, when expressed, clearly indicate a trust and not a legal use. The executors are to hold and invest the property at their discretion, and to collect, receive, and pay over the income to the daughter; all which goes to show, that the property is not to pass by the statute, as a legal use, but to vest in the devisees to be held in trust; and besides, the testatrix appoints them “ trustees.”
3. The equitable and beneficial interest which Anna, the daughter, took under and by force of the will, was in the income only; there is no intention manifested by the testatrix, that her daughter should be preferred to her sons, any further than to have the entire income, during her life. Beyond the disposition actually made by her will, either by express terms or by necessary implication, the court will not presume that she had any intent or purpose to direct the disposition of her property; and her probable or presumed intent and purpose *235 ceases to furnish any rule in construing her will. She leaves it in all respects, to be disposed of as if she had made no will pro tanto.
The testatrix might very well desire to make a provision for her daughter, because she was a daughter; leaving the sons, presumed to be better able, to take care of themselves. But she could not foresee future exigencies. The children or remoter offspring of any of her sons might be daughters, or of her daughter might be sons. Various contingences might require to be provided for. Could she do any thing wiser, after hax'ing provided for her daughter, than to leave the property to come back to all her children in equal shares, thereby enabling them, to the extent of such property, by deed or will, to make provision for exigencies which she could not foresee ? Or, if no such disposition was made, then to let it pass from such children, respectively, to those whom the laxv regards as most dependent on and most dear to them. Thus each child becomes the absolute owner of the property, with an unlimited power of disposition, and also a new stock of inheritance, from whom it xvill immediately pass, in case he makes no disposition in his lifetime or at his decease. And even when it happens, as in the present case, that the estate goes to persons not of the blood of the former owner, it is done through the operation of a general law for the transmission of property, which, on the whole, is highly useful, équal, and beneficial. Anna therefore took an equitable life estate. Beyond that, the xvill does not go, and no further equitable estate passes by the will to her.
4. The question then recurs, how does the equitable interest go after Anna’s death ?
The whole legal estate is given absolutely to the devisees, but not for their own use and benefit; as to the whole it is given in trust; but no trust is expressly declared beyond Anna’s life; therefore a trust results, by implication of law, for the devisor and her heirs. This takes effect as soon as the devise takes effect, that is, on the death of the devisor. This constitutes an equitable reversion in the trust estate; and as equity follows the law, and equitable estates and interests vest at the same time that like legal estates vest, it *236 follows, that the equitable reversion vested fort! with, on the decease of the testator, in her heirs.
A reversion, though an estate in expectancy, is a vested estate, and as such will pass by deed, or devise or descent, to the grantee, the devisee, or the heir of the reversioner. This equitable reversion, therefore, during the lifetime of Anna, vested in the then children of the testator, Horace, Augustus, and Anna. There is no incongruity in Anna’s having an equitable life estate in the whole, and an equitable reversion in a part, which cannot take effect in possession until after her own decease. The same thing might occur in respect to a legal estate. Suppose A., seized of land in fee-simple, leaves three children, B., C. and D., and devises an estate for life in the land to B., and makes no further disposition. The reversion would vest in the children of A., as tenants in common ; not by force of the will, but by the law of descent; so that B. would have a life estate in the whole, and a vested reversion, in fee, of one undivided third part.
5. Such being the equitable interests in this trust fund, and the leading purpose of the trust being accomplished, which was to leave a life interest to Anna, and the fund now coming, to be divided, the question is, how, in the events which have occurred, it shall be distributed.
It will be proper first to consider the question as to the real estate, the fund consisting, as we understand, partly of real and partly of personal estate.
On the decease of the testatrix, one third of the equitable reversion in the real estate vested in Horace, one third in Augustus, and one third in Anna.
The first event was the death of Augustus, intestate, and unmarried. The equitable interest, then, in one third, vested in his hens at law. As by our law, (Rev. Sts. c. 61, § 5,) brothers and sisters of the half blood inherit equally with those of the whole blood, and as the children of deceased brothers and sisters take a share, by right of representation, (Rev. Sts. c. 61, § 1, cl. 3,) the result is, that the third part of Augustus, in this equitable reversion, must be divided into four parts, and go to his brother and sister, of the whole blood, Anna and *237 Horace, and his brother of the half blood, Oliver, and the children of his deceased half sister, Ruth Tuckerman, who take one share, all as tenants in common, as follows: — Dividing the share of Augustus into four parts, each equal to one twelfth of the whole, and giving to Horace one twelfth, making with his own one third, or four twelfths, five twelfths ; Anna, one twelfth, making with her own one third, or four twelfths, five twelfths ; Oliver, one twelfth ; Ruth Tuckerman’s children together, one twelfth.
On the decease of Anna, her interest being a devisable interest passed by her will, proved and allowed, “ all the real estate, which she could devise,” being a sufficient description to pass this equitable interest, to Anna W. Storer, for her life, with a vested remainder in fee, to Horace, in one third. But this being only an equitable estate, the fee remaining vested in the trustees, or the survivor of them, in order to complete the execution of their trust, they must make conveyances, without warranty, except as to their own acts, to enable the several parties entitled to have a legal estate in their respective distributive shares. This will be accomplished by a conveyance to Horace, in fee, of five twelfths; to Oliver, in fee, of one twelfth; to Ruth Tuckerman’s children, in common, in fee, one twelfth ; to Anna W. Storer, for life, with remainder in fee to Horace, five twelfths ; malting in the whole, twelve twelfths.
In regard to the personal estate, there is a difference, not as to the ultimate right, but as to the mode of reaching it. Real estate passes directly to the heir or devisee ; personal must be administered by an executor or administrator, if the party entitled has deceased. If no administrator of the estate of Augustus Keating has been appointed in this commonwealth, one must be appointed to receive the share of the personal property coming to him, and give a good acquittance to the trustees. Such administrator however will take the share of Augustus, subject to the charges of administration and debts, if any, to be distributed like the rest: one fourth to Oliver; one fourth to Ruth Tuckerman’s children; one fourth to Horace; and one fourth to Anna’s executors. If this is a *238 correct view of the rights of the parties, the respondents, trustees under the will of Hannah Keating, or the survivor of them, will have accomplished their trust, in regard to the personal property by making up their account and dividing the net balance into three parts, and paying over to Horace, one third; tc the administrator of Augustus, one thud; to the executor of the will of Anna, one third.

Decree accordingly.